518 F.2d 500
 UNITED STATES of America, Plaintiff-Appellee,
v.
Billy Cecil DOOLITTLE, William Augustus Sanders, Jr., Ernest
Massod Union, Julian Wells Whited, Frank Joseph Masterana,
Cliff Anderson, Darnice T. Malloway, and William E. Baxter,
Defendants-Appellants.
 No. 72-3263.
 United States Court of Appeals,
Fifth Circuit.
 Sept. 2, 1975.
 
 Floyd M. Buford, Macon, Ga., for Union and Whited.
 Oscar B. Goodman, Las Vegas, Nev., for Doolittle, Sanders and Masterana.
 Louis Wiener, Jr., Las Vegas, Nev., Manley F. Brown, Macon, Ga., for Anderson.
 Wesley R. Asinof, Atlanta, Ga., for Baxter.
 Herbert Shafer, Atlanta, Ga., for Malloway.
 William J. Schloth, U. S. Atty., Charles T. Erion, Asst. U. S. Atty., Macon, Ga., Andrew L. Frey, Dept. of Justice, Washington, D. C., for plaintiff-appellee.
 Appeals from the United States District Court for the Middle District of Georgia, William A. Bootle, Judge, 341 F.Supp. 163.
 Before BROWN, Chief Judge, and WISDOM, GEWIN, BELL, THORNBERRY, COLEMAN, GOLDBERG, AINSWORTH, GODBOLD, DYER, SIMPSON, CLARK, RONEY and GEE, Circuit Judges.*
 PER CURIAM:
 
 
 1
 The Court voted to reconsider this case en banc primarily to determine the correctness of the issue on which the panel divided: whether the failure to name defendants Anderson, Baxter and Sanders in the wiretap interception order required suppression in their trials of intercepted telephone conversations to which they were parties. A majority of the en banc court agrees with the panel's resolution of the issue and the convictions of Anderson, Baxter and Sanders are affirmed on the basis of the panel opinion. United States v. Doolittle, 507 F.2d 1368 (5th Cir. 1975). Having considered all issues in the case, the Court agrees that the panel correctly decided the issues on which the panel was itself unanimous.
 
 
 2
 Affirmed.
 
 
 3
 John R. BROWN, Chief Judge, and WISDOM, THORNBERRY, GOLDBERG and SIMPSON, Circuit Judges, dissent from the affirmance of the convictions of Anderson, Baxter and Sanders, and would reverse for the reasons stated in Judge Thornberry's dissent to the panel decision. 507 F.2d at 1372. Cf. United States v. Bernstein, 509 F.2d 996 (4th Cir. 1975), petition for cert. filed, 43 U.S.L.W. 3637 (U.S. May 27, 1975) (No. 74-1486).
 
 GODBOLD, Circuit Judge (dissenting):
 
 4
 The problem presented is whom must the government name in its applications for wiretap orders under the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510-2520. The pertinent section requires the government to state in its application for a wiretap order "the identity of the person, if known, committing the offense and whose communications are to be intercepted . . .," § 2518(1)(b)(iv). The court order must state "the identity of the person, if known, whose communications are to be intercepted . . .," § 2518(4) (a).[1] Defendants contend that the government must name every person who it has probable cause to believe is committing the crime being investigated. The Fourth and Sixth Circuits have adopted that view. United States v. Bernstein, 509 F.2d 996 (CA4, 1975); United States v. Donovan, 513 F.2d 337 (CA6, 1975). The government contends, in effect, that so long as it gives the name of one person with respect to whom it has probable cause it need not reveal the names of others with respect to whom probable cause is also present.
 
 
 5
 Neither approach to the government's obligation is workable. The defendants' view is too expansive. A single wiretap may produce dozens if not hundreds of names of individuals not seriously under investigation but with respect to whom the existence of probable cause might be found. The probable cause approach would stifle if not smother the law enforcement efforts of government agencies with administrative labors. I think Congress did not intend such a result.
 
 
 6
 The government's view is too narrow. Congress did not intend to permit the government to name whomever it chooses and no others. The thrust of the wiretap statute is judicial supervision of necessary executive invasions of privacy. Such supervision can only serve its function where the supervising court has sufficient access to the information needed for due consideration of wiretap applications. In these ex parte proceedings the government is the only source of information. An interpretation that requires the government agency to name only one person when it is actively directing the interception against many more persons reads the naming requirement out of the Act and shifts the locus of informed decision-making from the courts to the agencies. This is contrary to the intent of Congress.
 
 
 7
 The majority panel decision, adopted by the en banc majority, does not decide whether there was or was not probable cause with respect to Anderson, Baxter and Sanders. Judge Thornberry pointed out in his dissent to the panel opinion that it did not come to grips with this question. Rather, the panel opinion appears to say that, even if there was probable cause with respect to these defendants, the governmental action is nonetheless salvaged by an amalgam of substantial compliance with the statute, no prejudice to the defendants, and no bad faith or subterfuge by the government. I have great difficulty with this cure by analgesic balm. The statutory scheme recognizes the privacy interest of one using telephone communications and makes wiretapping a felony except for statutorily prescribed exceptions, 18 U.S.C. § 2511(1). I think none of these grounds is adequate to overcome the policies inhering in the congressional determination to prohibit and severely punish unauthorized wiretapping, §§ 2511(1) and 2520.
 
 
 8
 Construing after-the-fact performance of the requirement of § 2518(8)(d) as substantial compliance misses the thrust of the statute, which is not disclosure to the victim after the fact but review by a federal district judge before the fact. What is missing from the government's proffered compliance is the federal district judge's review of the wiretap plans to protect the privacy interest of the unnamed persons. This is the heart of the statutory scheme. When the person is not named the further disclosure requirements of § 2518(1) (e) are also not triggered and judicial supervision becomes a charade.[2]
 
 
 9
 Even if that right is discounted, reliance upon after-the-fact compliance with the requirements of § 2518(8)(d) as substantial compliance with the statutory scheme renders the application and order requirements nugatory. If the government need not name a suspect so long as he is given after-the-fact notice and transcripts, then the government need never disclose names in the original application, for it could always give retrospective validity to its actions by sending notice and transcript to whomever it later chooses to prosecute. Without names the courts will be seriously disabled in their function of reviewing the applications for probable cause and considering other relevant factors under § 2518(3). The limiting and deterrent features of the statute would be lost. Congress surely did not intend to allow this.
 
 
 10
 Except to the extent, if at all, that there may be substantial rather than literal compliance with the statute, the statutory scheme does not allow a "no prejudice" or "error without injury" approach. The statute recognizes the right of privacy of one using telephone communications and makes wiretapping a felony except for statutorily prescribed exceptions, 18 U.S.C. §§ 2511(1)(a) and (b) and 2518. One whose privacy has been invaded by an action felonious if not excepted by statute may not be denied suppression on the ground that he really has not been hurt very much.
 
 
 11
 With respect to good faith, a governmental pure heart does not validate an otherwise invalid wiretap any more than it would a private person's erroneous but good faith belief in the legality of his wiretap of a neighbor or competitor. Even if the government is to be given greater deference, I have difficulty understanding what constitutes good faith in this context.[3] It is obvious that if the government is not required to name a person with respect to whom it has probable cause, then it does not act in bad faith in not naming him. As employed by the majority the phrase "good faith," amorphous and undefined, is not a tool of analysis but merely a palliative. It has no relevance to whether the function of the statute judicial supervision of executive invasions of individual privacy has been served.
 
 
 12
 Since I reject the arguments by which the majority resolve this case, I must consider the question of what triggers the naming requirement of § 2518(1)(b) (iv). Originally I thought that I would join my fellow dissenters, who have taken a stand on United States v. Kahn, 415 U.S. at 155, 94 S.Ct. at 984, 39 L.Ed.2d at 237, and United States v. Bernstein, 509 F.2d at 1001-1002.3a See the dissent from the panel opinion, 507 F.2d 1368, 1372, 1373, adopted by the en banc minority. On further reflection I have concluded that I cannot join them in that position. At the most Kahn only says that if the government does not have probable cause to believe a person is committing the crime being investigated then the government need not name that person under § 2518(1)(b) (iv),[4] 415 U.S. at 155, 94 S.Ct. at 984, 39 L.Ed.2d at 237. I do not read this to decide the converse proposition that if the government does have probable cause it must name the person. We must then look to the statute to determine whether Congress indicated more definitely whom it wanted named in wiretap applications.
 
 
 13
 Steering between the Scylla of a stifling administrative burden and the Charybdis of unchecked executive power, I would require the government to name all those individuals "against whom the interception was directed," as that phrase is used in the definition of aggrieved person in § 2510(11).[5] This definition is keyed to the standing and substantive rights given in § 2518(10) (a) and reflecting a congressional concern for protecting the interests of those subjected to government investigations.
 
 
 14
 I do not see how the naming requirement can be any narrower.[6] As I have already pointed out, to permit the government to conduct an investigation by wiretapping without ever disclosing to a court the persons it hopes to hear and ultimately convict makes mincemeat of the statutory system. This could subject to intentional, repeated, unsupervised and unpunishable[7] invasions of privacy any person who talks by telephone with persons only one per wiretap would be necessary under the majority's approach against whom the government is able to make some showing of probable cause. The essence of the § 2518(1)(e) requirement of disclosure to the application court of prior wiretaps is to prevent such activity. It cannot be prevented unless the government is required to apprise that court of the identity of the persons at whom investigation and wiretap are directed.[8]
 
 
 15
 If one is to move toward a broader reading of the naming requirement, I see no stopping point short of probable cause. For the reasons noted above I think such a requirement would be too broad because of the administrative burdens it would place on law enforcement agencies.
 
 
 16
 The approach which I have taken meshes neatly with the application-and-order procedure under which all wiretaps are to be conducted. The statute posits that courts should supervise law enforcement agencies' wiretap activities. Wiretaps are of course a powerful investigative tool, but the concomitant invasions of privacy necessarily occurring must be weighed against the investigative convenience. The ultimate decision-maker is the federal district court. Judicial supervision of wiretapping begins when a law enforcement agency applies to a court for a wiretap order. Section 2518(1) requires the application to disclose authorization for the application under §§ 2516(1) or (2), the phone to be tapped, the crime believed to be committed, the name of the suspect, a statement that other investigative means have been exhausted or would not be productive, and prior wiretaps of the persons named. The next subsection authorizes the judge to "require the applicant to furnish additional testimony or documentary evidence in support of the application," § 2518(2). The judge who must weigh the competing values of privacy and efficient law enforcement is thus empowered to obtain information pertinent to those factors from the only party before it in these ex parte proceedings. The separate authorization of § 2518(2) would be redundant and superfluous if it reached no more than is already covered by § 2518(1)(b), since the judge could always refuse to issue an order until the law enforcement agency had satisfactorily complied with that subsection.
 
 
 17
 Section 2518(2) is an invitation to the judge receiving the application to plumb the scope and purpose of the government's investigation. It authorizes him to inquire into whatever other purposes the government agency might have, into possible and suspected wrongdoers not yet the subject of probable cause beliefs, and into other collateral matters which, although not required by the bare application requirements of § 2518(1)(b), the court might consider in deciding whether to grant the order.
 
 
 18
 The judge's duty to weigh these collateral and competing factors is contained in the next subsection, § 2518(3), which does not require, but only authorizes, issuance of a wiretap order after the appropriate findings of probable cause "the judge may enter an ex parte order . . . if the judge determines on the basis of the facts submitted by the applicant that . . . there is probable cause for belief that an individual is committing . . . a particular offense" and that a wiretap will disclose pertinent communications, along with other necessary findings (emphasis added).[9] The judge has discretion not to issue a wiretap order even if he is satisfied that a showing of probable cause has been made. The authorization to require additional information in § 2518(2) read in conjunction with this discretion suggests a broad grant of power to the courts to oversee governmental wiretapping.
 
 
 19
 In the instant case, I would remand to the District Court for a hearing on whether Anderson, Baxter and Sanders were targets of the government's investigation when the relevant wiretap application was made, that is, whether the wiretaps were directed against them, taking due account of whether the government can reasonably be believed not to be investigating these persons in light of the information it had already collected against them.
 
 
 
 *
 Circuit Judge Morgan did not participate in the decision of this case
 
 
 [1]
 The insignificance of the discrepancy between the language relating to wiretap applications and that relating to wiretap orders is discussed in United States v. Kahn, 415 U.S. 143, 152, 94 S.Ct. 977, 982, 39 L.Ed.2d 225, 235 (1974)
 
 
 [2]
 No court is empowered to consider after the fact whether the wiretap was proper in terms of balancing the conflicting interests of privacy and law enforcement, as the application court is empowered to do under § 2518(4), discussed infra. Thus the necessity for proper and informed decision on that question before the fact looms larger in significance
 
 
 [3]
 This is wholly different from the good faith referred to in § 2520, which goes to reliance on a district judge's order, a specific and well-defined concept of good faith unlike that offered by the majority here. Moreover, the good faith there protects government employees from severe after-the-fact sanctions for human errors to which their work particularly exposes them; here it is being used to undercut the before-the-fact protections sought to be provided by the statute. Taken together they empower the very abuses, under color of law and protected from punishment, which this act was designed to prevent
 3a See also United States v. Donovan, 513 F.2d at 341.
 
 
 [4]
 I think that § 2518(3) poses a distinct naming requirement, see infra
 
 
 [5]
 The important details of who must carry exactly what burden of proof must be left to the district courts to work out through practical experience
 
 
 [6]
 Whatever bearing some of the language in Kahn may have on this point, I think it is sufficient to say that the individual in that case whose conversation was overheard was not under investigation and that the government made a convincing showing to that effect
 
 
 [7]
 By reason of § 2520
 
 
 [8]
 The target-naming requirement would cut off more severe abuses, by judicial supervision where the persons are named, and by the sanctions of §§ 2511(1) and 2520 where they are not named. The good faith defense provided in § 2520 would be unavailable where the naming requirement is clear and the failure to name is egregious, notwithstanding the presence of a § 2518(3) order
 
 
 [9]
 Compare § 2518(10)(a), which refers to a presumption of illegality "if the motion (to suppress) is granted . . ." The conditional "if" here could go to a finding of grounds for suppression, as well as to judicial discretion. But there is no such ambiguity in § 2518(3), which must include discretion